
FILED

12 MAR -8 AM 11: 12

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:     DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMHOTEP JORDAN, Jr., aka JOHN JORDAN, CDCR #C-71742,<br><br>         Plaintiff,<br><br>vs.<br><br>J. BUILTEMAN,<br><br>         Defendant. | Civil No.   12cv0099 BEN (NLS)<br><br>**ORDER:**<br><br>**(1) DISMISSING CIVIL ACTION FOR FAILING TO PAY FILING FEES AND FOR FAILING TO MOVE *IN FORMA PAUPERIS***<br><br>**AND**<br><br>**(2) AS FRIVOLOUS AND MALICIOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

  Plaintiff, currently incarcerated at Calipatria State Prison ("CAL"), in Calipatria, California, and proceeding pro se, has filed a set of documents entitled "Notice of Filing Intent" (ECF No. 1). In his pleadings, comprised of a "Notice," a "Request for Entry of Default Judgment," a "Notice and Demand," and an "Affidavit of Truth," Plaintiff appears to seek a default judgment and monetary "settlement" against a correctional official at CAL based on vague and unspecified acts of misconduct. (ECF No. 1 at 10, 12-14.)

  Plaintiff specifically alleges only that a default judgment must be entered against Builteman for "malicious[ly] and sadistic[ally]" and with "deliberate indifference and callous

disregard," violating his "commercial, civil, constitutional and human rights" as a "judgment creditor, real party in interest and a free born free thinking breathing flesh and blood God created sovereign sentient being." (ECF No. 1 at 1-2, 10.) Plaintiff makes clear that he "does not intend ... his filings be constructed and/or construed to be a complaint, specifically not a 42 U.S.C. § 1983," because he is, instead, filing only a "request for entry of default judgment." (*Id.* at 2.)[1]

**I.    FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS**

Any party instituting *any* civil action, suit or proceeding in a district court of the United States, other than a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, Plaintiff has not prepaid the $350 filing fee required to commence any sort of federal civil action; nor has he submitted a Motion to Proceed IFP. Therefore, his case must be dismissed pursuant to 28 U.S.C. § 1914(a).

**II.    INITIAL SCREENING PER 28 U.S.C. § 1915A(b)**

Pursuant to the Prison Litigation Reform Act and 28 U.S.C. § 1915A, the Court is obligated to review civil actions filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as

---

[1] Plaintiff's "Notice" is identical to five others, all filed with the Clerk on the same day, purporting to seek default judgments against five other individual CAL correctional officials, all asserting the same frivolous claims and attempting to employ the same illicit procedure. *See also Jordan v. Madden*, S.D. Cal. Civil Case No. 12cv0098 DMS (POR); *Jordan v. Coronado*, S.D. Cal. Civil Case No. 12cv0100 WQH (RBB); *Jordan v. Carpio*, S.D. Cal. Civil Case No. 12cv0101 IEG (JMA); *Jordan v. Powell*, S.D. Cal. Civil Case No. 12cv0102 DMS (BLM), and *Jordan v. Prico*, S.D. Cal. Civil Case No. 12cv0103 WQH (JMA). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Plaintiff has not paid the $350 civil filing fee in any of these, or any prior civil case he has filed in the Southern District, and had thus far managed to avoid 28 U.S.C. § 1915(g)'s "3-strikes" bar by submitting "Requests for Entry of Default Judgment" unaccompanied by complaints or motions to proceed *in forma pauperis*. *See e.g., Jordan v. Cardenas*, S.D. Cal. Civil Case No. 11cv1152 DMS (NLS); *Jordan v. Andersen*, S.D. Cal. Civil Case No. 11cv1153 IEG (JMA); *Jordan v. Borem*, S.D. Cal. Civil Case No. 11cv1154 BEN (NLS); *Jordan v. Drake*, S.D. Cal. Civil Case No. 11cv1155 AJB (MDD); and *Jordan v. Coronado*, S.D. Cal. Civil Case No. 11cv1156 BTM (MDD).

practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). The Court must sua sponte dismiss prisoner complaints, or any portions thereof, which "seek[] redress from a governmental entity or officer or employee of a governmental entity," if they are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a), (b); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

As noted above, Plaintiff's pleading seeks to only to notify the Court of his intent to file a request for entry of default judgment against a CAL correctional officer, who allegedly breached of his "oath of office" in violation of Plaintiff's "commercial, civil, constitutional and human rights" on unspecified dates. (ECF No. 1 at 14.) Because Plaintiff is proceeding pro se, the Court would generally consider his claims liberally to arise under the Civil Rights Act, 42 U.S.C. § 1983, *see Haines v. Kerner*, 404 U.S. 519-20 (1972) (noting that allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers"), however, Plaintiff unequivocally states that he "does not intend ... his filings be constructed and/or construed to be a complaint, specifically not a 42 U.S.C. § 1983." (ECF No. 1 at 2.)

Without § 1983, or some other constitutional or federal statutory basis for his suit, this Court lacks subject matter jurisdiction altogether. *Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider. Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them.") (citation omitted); *see also SEC v. Ross*, 504 F.3d 1130, 1140-41 (9th Cir. 2007) (finding the naming of a person in a motion insufficient to commence a civil action against him as a party).

Moreover, "[the Federal Rules of Civil Procedure] govern the procedure in *all* civil actions and proceedings in the United States district courts." FED.R.CIV.P. 1 (emphasis added); *see also SEC v. McCarthy*, 322 F.3d 650, 655 (9th Cir. 2003). "There is one form of action–the civil action," FED.R.CIV.P. 2, which is "commenced by filing a complaint with the court." FED.R.CIV.P. 3. "In short, an 'action' is the formal and ordinary means by which parties seek

legal and/or equitable relief before a court of law through the filing of a formal complaint, triggering the full array of legal, procedural, and evidentiary rules governing the process by which a court adjudicates the merits of a dispute. Absent express statutory authorization stating otherwise, there is no question that the Federal Rules govern all 'actions' [brought] before the district courts of the United States." *New Hampshire Fire Ins. Co. v. Scanlon*, 362 U.S. 404, 407-08 (1960); *McCarthy*, 322 F.3d at 657.

Thus, even if this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on a liberal construction of Plaintiff's references to his "constitutional" rights (ECF No. 1 at 10), to the extent he apparently seeks to avoid the procedures required to commence a civil action as set forth by both the Civil Rights Act and the Federal Rules and simply forge ahead to victory by being granted an unnoticed an unopposed default judgment in his favor, his "Notice" is null and his litigation strategy futile. *See Powell v. Rios*, 241 F.App'x 500, 504 n.4 (10th Cir. 2007) (holding that "[t]he Federal Rules of Civil Procedure make clear that only a properly-filed 'complaint' can commence a civil action," and rejecting Plaintiff's attempts to file a motion for a temporary restraining order without first commencing a civil action pursuant to FED.R.CIV.P. 3 by filing a complaint); *see also Boosalis Options, LP v. Farnbacher Loles Motorsports, LLC*, 2010 WL 335651 at *1 (N.D. Cal. 2010) (unpub.) (rejecting plaintiff's attempt to circumvent Federal Rules by submitting an "Application for Entry of Judgment Pursuant to a Confession" to the court without first commencing a civil action by filing a complaint, paying the requisite filing fee, and serving a summons upon the defendants, as an illicit attempt "to skip over all the usual safeguards of a lawsuit," and "go straight to an unopposed victory.... The Federal Rules do not authorize such a procedure."); *Patray v. Northwest Pub., Inc.*, 931 F. Supp 865, 869 (D. Ga. 1996) (court must have both personal and subject-matter jurisdiction over defendant in order to entertain any request for default judgment); 10A Wright, Miller & Kane, FED. PRAC. & PROC. CIV., § 2682 (3d ed.) (2011).

An action is frivolous under 28 U.S.C. § 1915A(b)(1) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lopez v. Dept. of Health Servs.*, 939 F.2d 881, 882-83 (9th Cir. 1991). Here, there is no question that Plaintiff's

1  suit–regardless of what he wishes to call it–lacks any arguable basis in either law or fact, and is
2  therefore frivolous under § 1915A(b)(1). *Neitzke*, 490 U.S. at 328.

3  In fact, Plaintiff's submissions, when considered in light of his repeated pattern of
4  frivolous filings in this district,[2] may further be classified as "malicious" insofar as they appear
5  to lack good faith and "suggest[s] an intent to vex the defendants or abuse the judicial process."
6  See *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (a complaint may be inferred to
7  be "malicious" if it suggests an intent to abuse the judicial process); *accord Aston v. Probst*, 217
8  F.3d 844, 844 (9th Cir. 2000) (table disposition); *Ballentine v. Crawford*, 563 F. Supp. 627, 629
9  (N.D. Ind. 1983). The test for maliciousness is subjective and requires the court to "determine
10 the ... good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915).
11 In determining a litigant's "good faith," a court may consider not only the "printed words" of the
12 complaint, but the circumstances and history of the filing, the tone of the allegations, and the
13 presence or absence of probative facts. See *Gjurovich v. California*, 2010 WL 4321604 at *5
14 (E.D. Cal. 2010) (unpub.) (quoting *Spencer v. Rhodes*, 656 F. Supp. 458, 463 (E.D. N.C.), *aff'd*,
15 826 F.2d 1061 (4th Cir. 1987)). Nothing in Plaintiff's "Notice" in this case, or in his litigation
16 history in this district, suggests good faith of any sort.

17 For these additional reasons, the Court dismisses the entirety of Plaintiff's action as both
18 frivolous and malicious pursuant to 28 U.S.C. § 1915A(b)(1); *Rhodes*, 621 F.3d at 1004.

19 **III.   CONCLUSION AND ORDER**

20 For the reasons set forth above, the Court hereby:

21 (1)   DISMISSES this action sua sponte without prejudice for failing to pay the $350
22 filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a).

---

[2] See, e.g., *Jordan v. Lloyd*, S.D. Cal. Civil Case No. 11cv1724 JLS (BLM); *Jordan v. Moskowitz*, S.D. Cal. Civil Case No. 11cv1725 JLS (WMc); *Jordan v. Sabraw*, S.D. Cal. Civil Case No. 11cv1726 JAH (JMA); *Jordan v. Gonzalez*, S.D. Cal. Civil Case No. 11cv1727 JLS (CAB); *Jordan v. Battaglia*, S.D. Cal. Civil Case No. 11cv1728 LAB (BLM); *Jordan v. Benitez*, S.D. Cal. Civil Case No. 11cv1729 MMA (POR) and *Jordan v. Anello*, S.D. Cal. Civil Case No. 11-1730 DMS (POR). In this series of filings, Plaintiff purported to sue a Clerk's Office employee and individual judges of this Court for alleged violations of federal and state criminal statutes, rules of civil procedure, government codes, and "maxims" of commercial law, justice, truth, and sovereignty, simply for dismissing his previous cases. All of these cases, which were also initially presented to the Clerk captioned as "Notices" without accompanying complaints or motions to proceed IFP, have also been dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915A(b)(1).

1 **IT IS FURTHER ORDERED** that:

2     (2)    The entirety of this action is DISMISSED as frivolous and malicious pursuant to 28 U.S.C. § 1915A(b)(1). Moreover, because the Court finds amendment futile, leave to amend is DENIED. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

    (3)    Finally, this Court CERTIFIES that no IFP appeal from this Order could be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

    (4)    The Clerk of Court shall close the file.

DATED: 3/7/2012

/s/ HON. ROGER T. BENITEZ
United States District Judge